IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PETER JAMES SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-84-ECM-KFP |
| | ) | |
| RESTAURANT BRANDS | ) | |
| INTERNATIONAL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff, proceeding pro se, brings this civil rights action against Restaurant Brands International, Inc. and Burger King, alleging Burger King discriminated against him based on his race and gender and defamed and harassed him in January 2021. Upon review of the Complaint under 28 U.S.C. § 1915(e)(2)[1], and for the reasons set forth below, the undersigned RECOMMENDS that this case be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

## I.      THE COMPLAINT

Plaintiff filed his Complaint on January 28, 2021, alleging violations of his civil rights as well as "defamation, harassment, and humiliation." Doc. 1. The allegations in support of Plaintiff's claims are presented here in their entirety:

> I was singled out for harassment based on my race and gender by restaurant
> management upon entering the premises. This was race and gender

---

[1] Because Plaintiff is proceeding *in forma pauperis*, the Court must review his pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a complaint proceeding *in forma pauperis* if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune from such relief.

> discrimination. My civil rights were violated and I experienced defamation, harassment and humiliation in front of restaurant staff and other Burger King customers. They even threatened to call the police on me if I didn't leave the premises. 42 USC and defamation etc. occurred during this visit to Burger King . . . on [January 27, 2021]. I am a homeless black male.

*Id.* at 1. As relief, he seeks "$300 million dollars for the pain and suffering, defamation, emotional distress etc., intentional infliction of emotional distress." *Id.* at 2.

## II.   PLAINTIFF'S LITIGATION HISTORY

Plaintiff is no stranger to this Court, having filed at least twelve other complaints in the Middle District of Alabama. Each of those complaints—except one, which has been stayed pending 28 U.S.C. § 1915(e)(2) review—were dismissed prior to service as frivolous, for failure to state a claim, or for failure to comply with Court orders directing Plaintiff to amend his pleading. *See* Case No. 2:12-CV-230 (M.D. Ala. 2012); Case No. 2:15-CV-899 (M.D. Ala. 2015); Case No. 2:16-CV-111 (M.D. Ala. 2016); Case No. 2:16-CV-129 (M.D. Ala. 2016); Case No. 2:16-CV-156 (M.D. Ala. 2016); Case No. 2:16-CV-167 (M.D. Ala. 2016); Case No. 2:16-CV-218 (M.D. Ala. 2016); Case No. 2:19-CV-89 (M.D. Ala. 2019); Case No. 2:19-CV-213 (M.D. Ala. 2019); Case No. 2:19-CV-212 (M.D. Ala. 2019); Case No. 2:20-CV-406 (M.D. Ala. 2020). Plaintiff appealed at least two of those dismissals, and both appeals were dismissed for want of prosecution. *See* Case No. 20-11953-B (11th Cir. 2020); Case No. 20-11577-AA (11th Cir. 2020).

When given an opportunity to amend in his past cases, Plaintiff either wholly failed to file an amended pleading or failed to file one that stated a viable claim against any defendants. For example, in his most recently dismissed 2020 case, Plaintiff filed a complaint very similar to the one currently before the Court, in which he alleged—without

factual support—that he was denied entry into a Wal-Mart store location based on his race and gender. The presiding Magistrate Judge initially recommended dismissal of the case without an opportunity to amend, based on the deficient pleading and Plaintiff's "long history in this Court of filing meritless lawsuits." Case No. 2:20-CV-406 (M.D. Ala. 2020), Doc. 8 at 4. However, after Plaintiff objected to the Magistrate Judge's Recommendation, the Court gave Plaintiff an opportunity to amend his pleading to state a claim. *Id.*, Docs. 14, 15. Plaintiff then filed an untimely, three-sentence amended complaint that stated in its entirety:

> The only item to be amended in this complaint . . . is [the amount of damages] requested. Everything else in the original complaint remains the same. The amount of damages for defamation etc. are now requested to be $300 million and there is a precedent.

*Id.*, Doc. 16. The amended complaint was dismissed for failure to state a claim. *Id.*, Docs. 17, 18, 19.

## III.   DISCUSSION

Like his many previous pleadings, Plaintiff's single-paragraph Complaint is due to be dismissed for a myriad of reasons. As an initial matter, Plaintiff fails to identify under what legal authority he purports to bring his claims. Although he mentions the phrase "42 USC," he does not specify whether he seeks to bring civil rights claims under 42 U.S.C. § 2000a(a) (the Civil Rights Act of 1964), 42 U.S.C. § 1981, 42 U.S.C. § 1983, or some other statute. Regardless, his claims fail under all of them. For instance, to the extent Plaintiff seeks to bring a claim under § 1983, he fails to do so, as that statute governs suits

solely against state actors.[2] To the extent Plaintiff seeks to bring a public accommodation claim under Title II of the Civil Rights Act, he also fails to do so—first, because Title II, by its plain terms, does not apply to gender discrimination[3] and second, because Plaintiff seeks only monetary damages, which he cannot recover under Title II.[4]

Indeed, each of Plaintiff's claims fail irrespective of the legal authority under which they are purportedly brought because his Complaint is an impermissible shotgun pleading. Like his many prior cases, the Complaint contains no comprehensible factual allegations whatsoever. Instead, it consists solely of vague, conclusory assertions that Plaintiff's rights were violated without any accompanying detail of any kind. It is made up of legal conclusions couched as factual allegations, which do not allow the Court to draw a reasonable inference that either of the named Defendants are liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556) (2007)); *see also Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (noting that the unifying characteristic of all shotgun

---

[2] Neither Burger King nor its employees are state actors. *See, e.g., McCain v. Buffalo Wild Wings*, No. 1:11-CV-143, 2012 WL 298005, at *8 (D. Vt. Feb. 1, 2012) ("[T]he Fourteenth Amendment's Equal Protection Clause applies only to state actors, and Burger King is a private employer."); *Wells v. Burger King No. 502*, No. 11-2043, 2013 WL 1403108, at *3 (E.D. La. Jan. 23, 2013) (holding that owner and manager of Burger King establishment were not state actors subject to suit under § 1983 and citing *McCain* in support).

[3] *See* 42 U.S.C. § 2000a(a) (providing that all persons are entitled to "full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin"); *Mosseri v. American Red Cross*, No. 6-60192, 2006 WL 8432559, at *3 (S.D. Fla. June 21, 2006) ("Title II [of the Civil Rights Act] does not cover sex discrimination or segregation.").

[4] *See Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968) ("When a plaintiff brings an action under [Title II of the Civil Rights Act], he cannot recover damages.").

pleadings is the failure to adequately notify a defendant of a claim or the grounds upon which a claim rests).

Because the Complaint contains only "labels and conclusions" and "naked assertions devoid of further factual enhancement," it fails to state a claim to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). Even after construing the Complaint more liberally than one written by an attorney, as the Court must, the undersigned finds it is subject to dismissal for failure to state a claim on which relief may be granted. *See Barnett v. Lightner*, No. 13-482, 2014 WL 3428857, at *2 (S.D. Ala. July 15, 2014) (noting that a court "does not have 'license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action.'") (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Although a pro se litigant should generally be given an opportunity to amend his deficient complaint, the Court need not allow amendment when it would be futile. *Gary v. U.S. Gov't*, 540 F. App'x 916, 917 (11th Cir. 2013) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). In this case, affording Plaintiff an opportunity to comply with basic pleading requirements would be an exercise in futility, as all of his eleven prior lawsuits filed in this Court have been dismissed at or near their inception as frivolous, for failure to state a claim, or for failure to comply with Court orders directing Plaintiff to amend his pleading. *See Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) ("On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered."). Indeed, as noted above, Plaintiff was unsuccessful in each of his prior actions despite multiple opportunities to clarify his pleadings. This Court has also

repeatedly informed Plaintiff that he must state his claims in a comprehensible manner with appropriate factual support, but the Complaint in this action—which is extremely similar to many of his prior pleadings—fails to heed the Court's notice. Accordingly, under these specific circumstances, the undersigned finds that no constructive purpose would be served by directing Plaintiff to file an amended complaint.[5]

## IV.   CONCLUSION

Accordingly, the undersigned RECOMMENDS that this action be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

It is further ORDERED that:

On or before **January 18, 2022**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon

---

[5] This Recommendation constitutes notice to Plaintiff prior to dismissal, and he may file objections under 28 U.S.C. § 636. Additionally, where a litigant's claims are dismissed without prejudice, any harm that may result from not granting leave to amend prior to such dismissal is mitigated. *See, e.g., Bazrowx v. Scott*, 136 F.3d 1053, 1054–55 (5th Cir. 1998) (affirming dismissal of pro se complaint without prejudice because it failed to state a claim and any error in failing to allow amendment was harmless).

grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of January, 2022.


/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE